IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAIME CASALEGNO, | ) | |
| | ) | CIVIL ACTION NO. |
| *Plaintiff*, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | MAG. JUDGE |
| | ) | |
| CAJUN INDUSTRIES, LLC. | ) | |
| | ) | |
| *Defendant*. | ) | |

_____

**COMPLAINT**
**JURY TRIAL DEMANDED**
_____

Plaintiff Jaime Casalegno, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier files this Complaint against Defendant Cajun Industries, LLC.

## NATURE OF THE ACTION

1.      This is an action by Jaime Casalegno ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiff was employed as a construction worker by Defendant Cajun Industries, LLC. ("Defendant"). While working for the Defendant, Plaintiff was regularly not paid any compensation for time periods of work that he performed. This failure to pay Plaintiff stemmed from Defendant's policy of paying employees only after they signed in to work each day—a scheme whereby Defendant paid Plaintiff according to a set schedule and without regard for the work Plaintiff performed that was outside that schedule. Defendants conduct was and is a violation of the overtime and minimum wage provisions the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 206.

2.     Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself during the past three years. 29 U.S.C. § 216(b).   Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Jaime Casalegno

5.     Plaintiff worked for Defendant in New Orleans, providing labor for the New Orleans city drainage project and other related projects.

6.     Plaintiff worked as a manual laborer. In connection therewith Plaintiff performed general construction work.

7.     At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Cajun Industries, LLC.

8.     Defendant Cajun Construction, LLC is a corporation organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana.

9.     Defendant is in the construction business in the states of Louisiana and Texas.

10.    Defendant supervised the day-to-day work activities of the Plaintiff.

11.     Defendant determined Plaintiff's work schedule for the employment at issue herein.

12.     Defendant maintained an employment file for the Plaintiff.

13.     Defendant issued Plaintiff an employee number and a security card.

14.     Defendant paid Plaintiff via direct deposit to a bank account created by Defendant under Plaintiff's name.

15.     Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16.     Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

17.     Defendant began to pay Plaintiff at 7 a.m. on each workday.

18.     The nature of Plaintiff's job required him to perform tasks and other work prior to 7 a.m.

19.     Defendant required that its laborers – including the Plaintiff – to arrive at the jobsite between 6:30 a.m. to begin their shift. During that time, Defendant required its laborers to perform calisthenics, stretching exercises, and other mandatory duties in preparation for beginning work.

20.     Defendant did not start paying its laborers until 7 a.m.

21.     At a minimum, Defendant did not pay anything to its laborers for 30 minutes each day for the work they performed off the clock.

22.     Plaintiff often worked more than 40 hours a week for the Defendant.

23.     Defendant did not pay Plaintiff one-and-half times his hourly rate for all hours he worked off the clock.

24.     Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA.  Defendant was and is aware of the custom and practice of minimum wage and overtime pay from its experience and expertise in the industry in which it works.

<u>**COUNT I**</u>
<u>**Fair Labor Standards Act**</u>

25.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff one-and-a-half times his regular rate for all hours worked in excess of forty in a workweek.

27.     As a consequence of Defendants' FLSA violations, Plaintiff is entitled to recover his unpaid wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendant's conduct violated the FLSA;

c. Enjoining the Defendant from violating the FLSA's overtime and minimum wage provisions;

4

d.  Awarding the Plaintiff his reasonable attorneys' fees and costs of this action;

e.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.  Awarding such other general and equitable relief as this Court deems equitable and just.

## **<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*
_____
Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*
_____
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*

5